UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Wade Enterprises ) | Case # 21-40308KKS |
| ) | Chapter 7 |
| ) | |
| _____Debtor(s)_____ ) | |

**CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III) OTHER RELIEF**

Sherry Chancellor (the "Trustee"), duly appointed Chapter 7 Trustee for the above referenced debtor (the "Debtor") pursuant to Sections 105 and 363 of the Bankruptcy Code hereby files this motion ("Motion") for entry of an order for authority to sell certain real property free and clear of all liens, encumbrances, and interests. In support thereof, the Trustee respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The bases for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

### BACKGROUND

4. On September 17, 2021, the Debtor commenced this case by filing a

1

voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Sherry Chancellor is the duly appointed and qualified Chapter 7 Trustee.

6. The Trustee held and concluded the 341 meeting of creditors on October 25, 2021.

7. The Debtor scheduled a 100% ownership interest in the real properties located at 1700 Clear Cloud Court, Tallahassee, Florida and 8052 Baby Farm Trail, Tallahassee, Florida identified by Parcel ID Numbers 2236204130000 and 223410B0090 (the "Properties").

8. The Debtor scheduled the Properties as having values of $150,000.00 and $100,000.00, respectively, and being subject to mortgages owed to Mary Lynn McKenzie and Edson S. McKenzie, as trustees of the T.L. McKenzie Living Trust dated April 22, 2003 (the "Secured Creditor") on the Petition Date of approximately $336,000.00 for both Properties (Claim 2).

9. The Trustee, after reviewing certain materials, including (without limitation) a sales analysis report and opinion of value for the Properties provided by Colleen Castile of NAI Talcor (the "Listing Agent"), has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

    a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court, with a tentative closing date of May 24, 2022;

    b. release the Properties from the Mortgages and otherwise waive all of its claims against the estate with respect to the Properties (including any deficiency claims resulting from the proposed sale);

2

and

c. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to the Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out of 5% or $10,000.00 for the benefit of allowed unsecured creditors of the Debtor's estate.

10. The Secured Creditor has represented and warranted that it possesses valid, perfected, enforceable and unavoidable first mortgage liens on the Properties by virtue of promissory notes and mortgages recorded in the Official Records of Leon County, Florida, which have outstanding balances consisting of principal and interest (the "Secured Creditor Indebtedness").

## RELIEF REQUESTED

11. The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Properties, using the services of the Listing Agent, free and clear of all liens, claims, encumbrances, and interests. As a material inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Properties' sale and the creation of a carve-out fund (the "Carve-Out Fund") that will provide for the costs of this case to be paid and provide a recovery for other creditors. The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Properties be required to assert no later than 5 days prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Properties free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

## BASIS FOR RELIEF

### A. The Sale of the Properties Should Be Approved

12. The Trustee seeks the Court's authority to sell the Properties free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

13. Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008). Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

14. The Trustee, through the services of the Listing Agent, have listed the Properties and accepted an offer for $200,000.00 that has been approved by the Secured Creditor and will result in a carve-out for the Bankruptcy Estate of $10,000.00. The attorney for the Secured Creditor indicates his consent by his signature hereon and his filing of this Motion on behalf of the Trustee.

15. Accordingly, the Trustee submits that the sale of the Properties pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

### B. The Sale of the Properties Should Be Approved Free and Clear of All Interests

16. Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may

sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

17.   The Trustee states that she shall satisfy Section 363(f)(2) of the Bankruptcy Code because the Secured Creditor consents to a sale of the Properties under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

18.   The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Properties, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 5 days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Properties free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[1]  Failure to object after proper notice and opportunity to object is deemed consent. *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61

---

[1] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

19. Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Properties free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or his professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments he deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

20. The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, any HOA fees and (3) all closing costs excluding professional fees but including State Documentary Stamps for the entire closing price pursuant to Florida Statue Sections 201.01 and 201.02 unless otherwise obligated to be paid by Buyer pursuant to the Purchase and Sale Agreement between the Buyer and Trustee; (4) the carve out to the Trustee in the amount of 5% of gross purchase price; and (5) brokerage commission in the amount of 6% of gross purchase price. Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

21. The parties agree that all net proceeds from the sale of the Properties after payment of the expenses identified in Paragraph 20 shall be paid to the Secured Creditor at closing without further order of the Court.

22. Secured Creditor is authorized to file an amended proof of claim within 30-days of the date of closing setting forth the amount of its unsecured deficiency claim after receipt of the net sale proceeds.

### C. The Sale Will Be Undertaken by the Buyer in Good Faith

23. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

24. The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

25. The Trustee asserts that the sale of the Properties will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

26. The Trustee further states that:

(a) the Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Carve Out;

(b) the Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful

distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

   (c) Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

  27. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court enters an Order approving the short sale of the Properties pursuant to Sections 105 and 363 of the Bankruptcy Code, authorizing the closing agent to directly pay Mary Lynn McKenzie and Edson S. McKenzie, as trustees of the T.L. McKenzie Living Trust dated April 22, 2003, the net sale proceeds from this sale as set forth herein, and for such other and further relief as this Court deems just and equitable under the circumstances of the case.

  RESPECTFULLY SUBMITTED this 22nd day of March, 2022.

| | |
|---|---|
| _/s/Sherry F. Chancellor_ | _/s/ Kevin A. Forsthoefel_ |
| Sherry F. Chancellor, Trustee | Kevin A. Forsthoefel |

| | |
|---|---|
| 619 W. Chase Street<br>Pensacola, FL 32502<br>Phone: (850) 436-8445<br>E-mail: sherry.chancellor@yahoo.com<br><br>*Chapter 7 Trustee* | Florida Bar No. 92382<br>Ausley McMullen<br>123 South Calhoun Street (32301) Tallahassee, Florida 32302<br>(850)224-9115; Fax (850)222-7560<br>kforsthoefel@ausley.com<br><br>*Attorney for Mary Lynn McKenzie & Edson L. McKenzie, as Trustees of the T.L. McKenzie living trust* |

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the CM/ECF System to those registered thereto in the above-styled bankruptcy proceeding on this 22nd day of March, 2022 and the following via electronic notice or by standard first-class mail and to those listed on the attached Mailing Matrix (excluding the aforementioned):

Allen Turnage (service@turnagelaw.com)
Trustee Sherry Chancellor (sherry.chancellor@yahoo.com)
U.S. Trustee (USTPRegion21.TL.ECF@usdoj.gov)
Wade Enterprises of Leon, LLC, via U.S. Mail at 1554 Grande Magnolia Court, Tallahassee, Florida 32310

        /s/Sherry F. Chancellor
        Sherry F. Chancellor

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1129-4<br>Case 21-40308-KKS<br>Northern District of Florida<br>Tallahassee<br>Fri Mar 18 14:32:52 EDT 2022 | Florida Dept. of Labor/Employment Security<br>c/o Florida Dept. of Revenue<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Secretary of the Treasury<br>U.S. Treasury Department<br>15th & Pennsylvania Ave.<br>Washington, DC 20220-0001 | T.L McKenzie Living Trust<br>c/o Thomas Panebianco, Esquire<br>P.O. Box 3546<br>Tallahassee, FL 32315-3546 |
| (p)UNITED STATES ATTORNEY'S OFFICE<br>111 NORTH ADAMS STREET<br>4TH FLOOR<br>TALLAHASSEE FL 32301-7730 | U.S. Securities & Exchange Commission<br>Atlanta Reg Office and Reorg<br>950 E Paces Ferry Rd NE Ste 900<br>Atlanta, GA 30326-1382 | United States Trustee<br>110 E. Park Avenue<br>Suite 128<br>Tallahassee, FL 32301-7728 |
| Wade Enterprises of Leon, LLC<br>1554 Grande Magnolia Circle<br>Tallahassee, FL 32310-1191 | *T.L McKenzie Living Trust<br>c/o Kevin A. Forsthoefel<br>Ausley & McMullen, P.A.<br>PO Box 391<br>Tallahassee, FL 32302-0391 | David Weiss, Esquire<br>Ausley McMullen<br>PO Box 391<br>Tallahassee FL 32302-0391 |
| Doris Maloy, Leon County Tax Collector<br>Attn: Tia Stanley<br>P.O. Box 1835<br>Tallahassee, FL 32302-1835 | T. L. McKenzie Trust<br>PO Box 14247<br>Tallahassee FL 32317-4247 | T.L. McKenzie Living Trust<br>c/o Ausley McMullen<br>P.O. Box 391<br>Tallahassee, FL 32302-0391 |
| T.L. McKenzie Living Trust<br>c/o Thomas Panebianco, Exquire<br>P.O. Box 3546<br>Tallahassee, FL 32315-3546 | Allen Turnage<br>Allen Turnage, P.A.<br>P.O. Box 15219<br>2344 Centerville Road, Suite 101<br>Tallahassee, FL 32308-4389 | Merrick B. Garland<br>Office of the Attorney General<br>Main Justice Bldg., Rm. 511<br>Tenth & Constitution<br>Washington, DC 20530-0001 |
| Sherry Chancellor<br>Law Office of Sherry F. Chancellor<br>619 West Chase St.<br>Pensacola, FL 32502-4711 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| U.S. Attorney (Tallahassee Office)<br>111 N. Adams Street<br>Fourth Floor<br>Tallahassee, FL 32301 | End of Label Matrix<br>Mailable recipients    18<br>Bypassed recipients     0<br>Total                  18 | |